FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 19 2020

JAMES W. McCORMACK, CLERK
By: Rochelle
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HOLISTIC INDUSTRIES
OF ARKANSAS, LLC, and
SAM EPSTEIN ANGEL

       PLAINTIFFS,

V.

FEUERSTEIN KULICK LLP

       DEFENDANT.

CIVIL ACTION NO. 2:20-CV-230 LPR

This case assigned to District Judge Rudofsky
and to Magistrate Judge Harris

## NOTICE OF REMOVAL

Defendant, Feuerstein Kulick LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, gives notice that Civil Action No. 09CV-2020-62 styled as Holistic Industries of Arkansas, LLC and Sam Epstein Angel v. Feuerstein Kulick LLP which is currently pending in the Circuit Court of Chicot County, State of Arkansas, is hereby removed to the United States District Court for the Eastern District of Arkansas Delta Division, the federal jurisdiction encompassing the Circuit Court of Chicot County, Arkansas. In accordance with 28 U.S.C. § 1446, a copy of all process, pleadings and orders served upon Defendant therein is filed simultaneously herewith and attached hereto as Exhibit "A". The grounds for the removal of this action are as follows:

### DIVERSITY OF CITIZENSHIP

    1.    This Court has jurisdiction over this case on the ground of diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

    2.    The Complaint and accompanying Summons identify Plaintiffs as an Arkansas Limited Liability Company with its principal place of business located in Chicot

County, Arkansas and Sam Epstein Angel as an individual residing in Chicot County, Arkansas, thus creating citizenship for Plaintiffs in Arkansas. A copy of Plaintiff's Complaint is attached hereto as Exhibit "1".

3. Defendant Feuerstein Kulick LLP is a New York Limited Liability Partnership with its principal place of business in New York, New York. Therefore, citizenship for Feuerstein Kulick LLP is in New York.

4. In consideration of the above, therefore, complete diversity of citizenship exists between Plaintiffs and the Defendant.

## AMOUNT IN CONTROVERSY

5. Plaintiffs allege in Paragraph 16 of the Complaint that but for the alleged negligence of Defendant, Plaintiff would have been awarded a medical marijuana dispensary license which is valued at more than $5,000,000.00. In addition, Plaintiffs allege in the prayer of the Complaint they are entitled to a judgment in excess of $5,000,000.00. On that basis, without admitted liability or the extent of alleged damages, Defendant states that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

6. Feuerstein Kulick LLP received purported service of the Summons and Complaint on or around October 21, 2020.

7. This Notice of Removal is filed within thirty (30) days of October 21, 2020, the date Feuerstein Kulick LLP received notice of this action.

8. This action is not an action described in 28 U.S.C. § 1445.

9. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over any and all claims for which it does not have original jurisdiction.

10. Pursuant to 28 U.S.C. § 1446(a), a copy of all of the process, pleadings, orders, and documents from the Circuit Court of Chicot County action which have been served upon Feuerstein Kulick LLP are being filed with this Notice of Removal.

11. Promptly after filing this Notice of Removal, written notice hereof will be given to Plaintiffs and filed with the Clerk for the Circuit Court of Chicot County, State of Arkansas, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted this November 19, 2020.

_____
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 19, 2020 I filed the foregoing with the Clerk of Court:

Kenneth P. "Casey" Castleberry
Murphy, Thompson, Arnold
Skinner & Castleberry
555 East Main Street, Suite 200
Post Office Box 2595
Batesville, AR 72503
casey@castleberrylawfirm.com

                                                  */s/ R. Kenny McCulloch*
                                                  R. Kenny McCulloch

FILED

2020 JUN 19 PM 4:17

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

*Jenena Baker* D.C.

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
_____3rd_____ DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS, LLC,
and SAM EPSTEIN ANGEL                                          PLAINTIFFS

VS.                          CASE NO. 09CV-2020- 62 · 3

FEUERSTEIN KULICK LLP                                          DEFENDANT

## COMPLAINT

COME now the Plaintiffs, Holistic Industries of Arkansas, LLC, and Sam Epstein Angel, by and through their attorney, Kenneth P. "Casey" Castleberry, for their Complaint against the Defendant, Feuerstein Kulick LLP, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Holistic Industries of Arkansas, LLC d/b/a as Sisters of Empathy ("Holistic"), is an Arkansas limited liability company with its principal place of business located in Chicot County, Arkansas.

2. Plaintiff, Sam Epstein Angel, is the majority member of Holistic Industries of Arkansas, LLC, is an individual residing in Chicot County, Arkansas.

3. Defendant, Feuerstein Kulick LLP (the "Firm" or "Defendant"), is a New York limited liability partnership with its principal place of business located in New York, New York.

4. The Court has jurisdiction over the parties in this action.

5. Venue is proper in this Court.

### COUNT I – LEGAL MALPRACTICE

6. Holistic engaged the Firm to ensure that Holistic's medical marijuana cultivation and dispensary applications satisfied the minimum qualifications for merit scoring in the Rules

**EXHIBIT 1**

and Regulations Governing the Application for Issuance, and Renewal of Licenses for Medical Marijuana Cultivation Facilities and Dispensaries in Arkansas ("Rules and Regulations") promulgated by the Arkansas Medical Marijuana Commission ("Commission").

7. The Firm and its attorneys held themselves out to Holistic as experts in the field of medical marijuana application compliance, authorized to practice law in the State of Arkansas, and free of conflicts for the representation.

8. Holistic expended an extraordinary amount of time and money drafting and assembling its applications.

9. Among other things, Holistic hired numerous professional consultants to provide expertise and guidance, at substantial cost, to assist them in preparing their applications to receive the highest merit scoring in order to obtain cultivation and dispensary licenses.

10. Holistic worked nights and weekends to ensure that the applications were complete in advance of the September 18, 2017, submission deadline.

11. Holistic timely provided the information to the Firm and its attorneys for review so that the Firm and its attorneys could ensure Holistic satisfied the minimum qualifications set forth in the Commission's Rules and Regulations for merit scoring.

12. The Firm and its attorneys failed to ensure that Holistic's applications satisfied the minimum qualifications requirements, and, as a result, the Commission determined that Holistic failed to satisfy the minimum qualifications requirements and disqualified the applications.

13. As a result, Holistic's applications were not submitted for merit scoring, and Holistic was deprived the opportunity to receive medical marijuana cultivation and dispensary licenses.

14. During the Firm and its attorneys' representation of Holistic, the Firm and its attorneys had a duty to possess and use with reasonable diligence the skill ordinarily used by attorneys acting in the same or similar circumstances, and their failure to meet this standard is negligence.

15. The Firm and its attorneys' negligent acts and omissions, include, but are not limited to, failing to ensure that Holistic's medical marijuana cultivation and dispensary application Sections A through D satisfied the minimum qualifications for merit scoring in the Rules and Regulations promulgated by the Commission.

16. But for the Firm and its attorneys' negligence, Holistic would have been awarded a medical marijuana dispensary license, which is valued at more than $5,000,000.

17. At all times during the course of the representation of Holistic, the attorneys were members of the Firm and were acting as agents of the Firm. Therefore, the Firm is vicariously liable for all damages caused by the attorneys' negligence.

18. Plaintiffs specifically reserve the right to amend and plead further in this case. The specific allegations set forth above do not and shall not constitute a complete list of the negligent acts committed by the Firm and its attorneys.

19. Plaintiffs respectfully demand a jury of 12 persons to try this case.

WHEREFORE, Plaintiffs respectfully pray (i) that Holistic have and recover judgment from and against the Defendant in an amount to be determined by a jury, in excess of $5,000,000, together with prejudgment interest at the maximum rate allowable by law from September 18, 2017 to the date judgment is entered; and (ii) for all other relief to which it may be entitled.

Respectfully submitted,
Holistic Industries of Arkansas, LLC, and

By: _____

Kenneth P. "Casey" Castleberry, ABA #2003109
MURPHY, THOMPSON, ARNOLD,
 SKINNER & CASTLEBERRY
555 East Main Street, Suite 200
Post Office Box 2595
Batesville, Arkansas 72503
(870) 793-3821 – telephone
(870) 793-3815 – facsimile
casey@castleberrylawfirm.com

4

THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
CIVIL DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS, LLC,
and SAM EPSTEIN ANGEL
Plaintiffs

v.  No. 09CV-2020-62-3

FEUERSTEIN KULICK, LLP
Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**   Mitch Kulick
Feuerstein Kulick, LLP
205 East 42nd Street
New York, NY 10022

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:   **KENNETH P. "CASEY" CASTLEBERRY**
**POST OFFICE BOX 2595**
**BATESVILLE, ARKANSAS 72503**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

Josephine T. Griffin
CIRCUIT CLERK

Address of Clerk's Office
108 Main Street
Lake Village, Arkansas 71653-1965

_Susan Bates_
[Signature of Clerk or Deputy Clerk]
Date: 6/19/2020

[SEAL] 

No. 09CV-20-42-3  This summons is for Feuerstein Kulick, LLP

## PROOF OF SERVICE

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with
_____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
      [signature of server]


_____
      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
      [signature of server]


_____
      [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Chicot County Circuit Court
Josephine Griffin, Chicot County Circuit Clerk
2020-Nov-19 12:28:05
09CV-20-62
C10D03 : 5 Pages

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
THIRD DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS, LLC,
And SAM EPSTEIN ANGEL                                              PLAINTIFFS

VS.                           CASE NO. 09CV-2020-62

FEUERSTEIN KULICK LLP                                               DEFENDANT

## ANSWER TO COMPLAINT

COMES now the Defendant, Feuerstein Kulick LLP, by its attorneys, Barber Law Firm PLLC, and for its Answer to Plaintiffs' Complaint, state(s) as follows:

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 2 and therefore denies same.

3. Admitted.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations as phrased in paragraph 6 of the Complaint. Defendant was retained to assist Plaintiff Holistic Industries of Arkansas, LLC in the preparation of applications to the Arkansas Medical Marijuana Commission. Defendant denies all other allegations contained in paragraph 6 of the Complaint.

1

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant does not have sufficient information to admit or deny the allegations in paragraph 8 and therefore denies same.

9. Defendant does not have sufficient information to admit or deny the allegations in paragraph 9 and therefore denies same.

10. Defendant does not have sufficient information to admit or deny the allegations in paragraph 10 and therefore denies same.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint. (Note: we were retained on Labor Day weekend, which was two weeks before the submission was due – typically, we spend months preparing these applications)

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits that it had a duty to possess and use with reasonable diligence the skill ordinarily used by attorneys acting in the same or similar circumstances and in fact met and exceeded that duty and denies the remaining allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint. All the people working on the application were affiliated with the firm either as partner or associate.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies that Plaintiffs are entitled to a jury trial. Plaintiffs signed an engagement agreement waiving their right to trial by jury and further agreed to resolve any dispute between the Defendant or its attorneys and Plaintiffs through binding arbitration in New York City before JAMS or NAM which are respected mediation and arbitration services. Therefore, Plaintiffs have voluntarily waived their right to file this lawsuit and waived any right to a jury trial. (See Exhibit "1".)

20. Defendant denies the allegations set forth in the "wherefore" paragraph of the Complaint.

21. Defendant denies any and all allegations contained in the Complaint that are not specifically admitted.

22. Further answering, Defendant moves to dismiss the Complaint on the following grounds; this Court lacks jurisdiction over the subject matter, lacks personal jurisdiction over Defendant, ineffective or incomplete service of process, and the complaint fails to state facts upon which relief can be granted against Defendant pursuant to ARCP Rule 12(b)(1-6) and FRCP Rule 12(b)(1-6). Defendant specifically reserves the right to file a motion to dismiss on any of these grounds pursuant of ARCP Rule 12(b)(1-6) and FRCP 12(b)(1-6).

23. If Plaintiffs sustained any damages, which allegation is denied, the damages were proximally caused by Plaintiffs or by an intervening proximate cause or by the conduct of individuals or entities for whom this Defendant has no responsibility whatsoever, and as a result of the decision of the five commissioners that determined which applicants received the licenses.

24. Defendant also asserts the following affirmative defenses; arbitration and award, comparative fault, estoppel, laches, release, lack of capacity and standing, failure to mitigate damages, negligence, impossibility of determination that Plaintiff would have received one of the five licenses granted by the five commissioners who reviewed and scored the 308 applications submitted for review and fault of Plaintiffs as a complete or partial bar to the claim of the Plaintiffs.

25. Defendant reserves the right to file an amended answer and otherwise plead further in this case.

26. Defendant affirmatively state that Plaintiffs do not have standing or capacity under Arkansas law to pursue this lawsuit.

WHEREFORE, Defendant, requests that the Court enter an order dismissing Plaintiffs' claims against Defendant, for its costs herein expended, attorney's fees and all other just and proper relief to which it may be entitled.

Respectfully submitted,

  /s/ R. Kenny McCulloch
R. Kenny McCulloch
AR Bar Number 88044
Attorneys for Defendant
Barber Law Firm PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201-3483
Telephone: (501) 372-6175 / Fax: (501) 375-2802
E-mail: rkmcculloch@barberlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 19th, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Kenneth P. "Casey" Castleberry
Murphy, Thompson, Arnold
Skinner & Castleberry
555 East Main Street, Suite 200
Post Office Box 2595
Batesville, AR 72503
casey@castleberrylawfirm.com

  /s/ R. Kenny McCulloch
R. Kenny McCulloch

5

MITCHELL KULICK, ESQ.
FEUERSTEIN KULICK LLP
205 E. 42ND STREET, 20TH FLOOR
NEW YORK, NEW YORK 10017



WORK: 646.768.0592
CELL: 914.772.4587
EMAIL: mitch@dfmklaw.com

As of September 1, 2017

**BY ELECTRONIC MAIL**

Holistic of Arkansas, LLC
Attn: Josh Genderson
Authorized Representative and Chief Executive Officer
josh@cellar.com

    Re:    *Preparation of Applications for Medical Marijuana Licenses in the State of Arkansas*

Dear Josh:

    We are pleased that you have selected Feuerstein Kulick LLP (the "Firm") to represent Holistic of Arkansas, LLC (the "Company"). If at any time you have any questions, or if there is an action you believe we should be taking, please do not hesitate to contact us right away. We want you to be fully satisfied at all times with the services we provide you.

    We believe that a clear understanding of the scope of our engagement and of our fee arrangement will assist both of us to establish a positive relationship, and help us to avoid any misunderstandings. This letter is intended, therefore, to outline the scope of our services in this matter, and to confirm the terms and fee arrangements upon which the Firm will render services to the Company.

    The Company has engaged the Firm to represent it in connection with its applications for a medical marijuana cultivation and dispensary licenses in the State of Arkansas. It is understood that these services will be performed by us principally in the State of New York and that the substantive law of New York will govern any issues that may arise concerning this representation and any of the provisions of this agreement including its enforcement.

    I will personally supervise and coordinate the rendition of services set forth above. You should raise directly to me any questions that may arise concerning the terms of this engagement letter, or the performance of our services. From time to time, we may delegate portions of the work to other attorneys and paralegal assistants in the Firm for certain reasons, such as to gain the advantage of their expertise, to effect cost efficiencies for your benefit, or otherwise. Notwithstanding the foregoing, it is understood and agreed that the Firm will also delegate portions of work to Matthew Schweber, whose time is currently billed at **$500** per hour.

**EXHIBIT 1 TO ANSWER**

Holistic of Arkansas, LLC
As of September 1, 2017
Page 2

Currently, my time is billed at **$600** per hour, my junior partners' time is billed at **$375** per hour, and my associate's time is billed at **$175** per hour. Our invoices will also set forth all expenses that we incur on your behalf. A schedule showing the current basis upon which we compute certain costs and expenses is attached for your reference. For our work in connection with the Arkansas medical marijuana applications, we have agreed to an unconditional fixed fee of **$50,000.00** to be paid following the submission of the applications on September 18, 2017 (the "Fixed Fee"). In addition to the Fixed Fee, in the event that the Company is successful in obtaining any medical marijuana license, dispensary and/or cultivation, in the State of Arkansas, the Company shall (i) pay the Firm and Mr. Schweber **100% of the amount billed minus $50,000.00**, and (ii) issue Units and interests, including economic interests, to the Firm or its designee equal to **two percent (2%)** in and to the Company and any affiliate owned and/or controlled by Josh Genderson and/or David Engel as far as such entity relates to the Arkansas operation(s). For the sake of clarity, in addition to a 2% ownership interest in the Company, the Firm or its designee would be entitled to 2% of the economics realized by Full Moon Investments, LLC and/or Liberty Management, LLC relating to the Arkansas operation(s).

The Fixed Fee does not include any third-party costs incurred by the Firm, which costs will be the Company's responsibility and needs to be paid by the Company in a timely manner. The Fixed Fee will also not include any legal fees or costs associated with any matters that are not directly connected to the Company's applications, including, without limitation, any litigation or any kind of disputes or transactions not referenced herein. For such other legal services, the Firm will charge its standard hourly rates.

Based upon our prior discussions, the Firm has concluded, in the exercise of its sole professional judgment, that this fee structure is fair and reasonable. Because the fee structure involves compensation to the Firm involving equity and economic interests, the provision of Rule 1.8(a) of the New York Rules of Professional Conduct must be met. Rule 1.8(a) requires, in addition to the fee structure being fair and reasonable to the client, that the firm: (i) provide full written disclosure to the terms of the fee structure; (ii) advise you, in writing, of the desirability of seeking, and provide you with reasonable opportunity to seek, the advice of independent legal counsel with respect to the new fee structure and (iii) obtain from you informed consent to the terms in writing signed by you.

By your signature below, you hereby: (i) acknowledge the disclosures contained in this letter and otherwise made by the Firm; (ii) agree to the terms of the fee structure set forth herein for the Firm's representation of you in connection with the Company's applications for medical marijuana licenses in the State of Arkansas; (iii) acknowledge that you have had the opportunity to review the disclosures made by the Firm and the new fee structure with independent legal counsel and that the Firm has recommended that you do so; and (iv) represent and warrant that the signatories below have the authority to bind the entities below, and any affiliate created in relation to the Company's Arkansas operation, to the terms hereof.

Our invoices are payable on the dates set forth above. If any invoice is not paid in full within 15 days of the events set forth above, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9% per annum. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and

Holistic of Arkansas, LLC
September 1, 2017
Page 3

may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on the Company's behalf, or on behalf of any entity in which the Company has an interest, which withdrawal shall not relieve the Company of the obligation to pay any fees and expenses incurred by it.

If you disagree with the amount of our fees or other charges, or if you have any concerns about our work for the Company, please bring that to our attention as soon as possible. In the event any dispute between us arising from or relating to our work cannot be resolved informally, we both agree to forego the right to trial by jury and to resolve any disputes between us, or any disputes the Company has with any of our lawyers or staff, including but not limited to disputes over fees and charges, exclusively through private and confidential <u>binding</u> arbitration in New York City before JAMS or NAM, established and respected mediation and arbitration services, in accordance with the rules and procedures of the selected agency. The arbitrator or arbitrators will be authorized to award any damages or relief that a court of law having jurisdiction over the dispute could award. You acknowledge by signing this letter that the Company has had the opportunity to consult with other counsel about the consequences of agreeing to binding arbitration and that we recommended that you do so. You understand that, by agreeing to the provisions of this paragraph, the Company is waiving the right it may have to request non-binding arbitration of fee disputes in New York City under Part 137 of the Rules of the Chief Administrator of the Office of Court Administration of the New York State Unified Court System or under applicable bar association procedures. By signing this engagement letter, the Company expressly waives that right and agrees to binding private arbitration as provided above.

Please confirm that the foregoing reflects our agreement by signing and returning a copy of this letter.

We are proud to represent you and trust that we will justify your confidence in us.

[*Signature Page follows on Next Page*]

Holistic of Arkansas, LLC
As of September 1, 2017
Page 4

                                        Very truly yours,

                                        FEUERSTEIN KULICK LLP

                                        /s *Mitch Kulick*
                                        By: Mitch Kulick

Confirmed and Agreed to:

HOLISTIC OF ARKANSAS, INC.

By: Josh Genderson, Chief Executive Officer and Authorized Representative

LIBERTY MANAGEMENT, LLC

By: Josh Genderson, Chief Executive Officer and Authorized Representative

FULL MOON, LLC

By: Josh Genderson, Authorized Representative