FILED

2020 JUN 19 PM 4:17

JOSEPHINE GRIFFIN
CHICOT CO. CIRCUIT CLERK

*[signature]* Jenana Bates D.C.

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS
_____3rd_____ DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS, LLC,
and SAM EPSTEIN ANGEL                                            PLAINTIFFS

VS.                              CASE NO. 09CV-2020- 62-3

FEUERSTEIN KULICK LLP                                            DEFENDANT

---

## COMPLAINT

COME now the Plaintiffs, Holistic Industries of Arkansas, LLC, and Sam Epstein Angel, by and through their attorney, Kenneth P. "Casey" Castleberry, for their Complaint against the Defendant, Feuerstein Kulick LLP, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Holistic Industries of Arkansas, LLC d/b/a as Sisters of Empathy ("Holistic"), is an Arkansas limited liability company with its principal place of business located in Chicot County, Arkansas.

2. Plaintiff, Sam Epstein Angel, is the majority member of Holistic Industries of Arkansas, LLC, is an individual residing in Chicot County, Arkansas.

3. Defendant, Feuerstein Kulick LLP (the "Firm" or "Defendant"), is a New York limited liability partnership with its principal place of business located in New York, New York.

4. The Court has jurisdiction over the parties in this action.

5. Venue is proper in this Court.

### COUNT I – LEGAL MALPRACTICE

6. Holistic engaged the Firm to ensure that Holistic's medical marijuana cultivation and dispensary applications satisfied the minimum qualifications for merit scoring in the Rules

EXHIBIT 1

and Regulations Governing the Application for Issuance, and Renewal of Licenses for Medical Marijuana Cultivation Facilities and Dispensaries in Arkansas ("Rules and Regulations") promulgated by the Arkansas Medical Marijuana Commission ("Commission").

7.  The Firm and its attorneys held themselves out to Holistic as experts in the field of medical marijuana application compliance, authorized to practice law in the State of Arkansas, and free of conflicts for the representation.

8.  Holistic expended an extraordinary amount of time and money drafting and assembling its applications.

9.  Among other things, Holistic hired numerous professional consultants to provide expertise and guidance, at substantial cost, to assist them in preparing their applications to receive the highest merit scoring in order to obtain cultivation and dispensary licenses.

10. Holistic worked nights and weekends to ensure that the applications were complete in advance of the September 18, 2017, submission deadline.

11. Holistic timely provided the information to the Firm and its attorneys for review so that the Firm and its attorneys could ensure Holistic satisfied the minimum qualifications set forth in the Commission's Rules and Regulations for merit scoring.

12. The Firm and its attorneys failed to ensure that Holistic's applications satisfied the minimum qualifications requirements, and, as a result, the Commission determined that Holistic failed to satisfy the minimum qualifications requirements and disqualified the applications.

13. As a result, Holistic's applications were not submitted for merit scoring, and Holistic was deprived the opportunity to receive medical marijuana cultivation and dispensary licenses.

14. During the Firm and its attorneys' representation of Holistic, the Firm and its attorneys had a duty to possess and use with reasonable diligence the skill ordinarily used by attorneys acting in the same or similar circumstances, and their failure to meet this standard is negligence.

15. The Firm and its attorneys' negligent acts and omissions, include, but are not limited to, failing to ensure that Holistic's medical marijuana cultivation and dispensary application Sections A through D satisfied the minimum qualifications for merit scoring in the Rules and Regulations promulgated by the Commission.

16. But for the Firm and its attorneys' negligence, Holistic would have been awarded a medical marijuana dispensary license, which is valued at more than $5,000,000.

17. At all times during the course of the representation of Holistic, the attorneys were members of the Firm and were acting as agents of the Firm. Therefore, the Firm is vicariously liable for all damages caused by the attorneys' negligence.

18. Plaintiffs specifically reserve the right to amend and plead further in this case. The specific allegations set forth above do not and shall not constitute a complete list of the negligent acts committed by the Firm and its attorneys.

19. Plaintiffs respectfully demand a jury of 12 persons to try this case.

WHEREFORE, Plaintiffs respectfully pray (i) that Holistic have and recover judgment from and against the Defendant in an amount to be determined by a jury, in excess of $5,000,000, together with prejudgment interest at the maximum rate allowable by law from September 18, 2017 to the date judgment is entered; and (ii) for all other relief to which it may be entitled.

Respectfully submitted,
Holistic Industries of Arkansas, LLC, and

By: _____

Kenneth P. "Casey" Castleberry, ABA #2003109
MURPHY, THOMPSON, ARNOLD,
 SKINNER & CASTLEBERRY
555 East Main Street, Suite 200
Post Office Box 2595
Batesville, Arkansas 72503
(870) 793-3821 – telephone
(870) 793-3815 – facsimile
casey@castleberrylawfirm.com