MITCHELL KULICK, ESQ.
FEUERSTEIN KULICK LLP
205 E. 42ND STREET, 20TH FLOOR
NEW YORK, NEW YORK 10017



WORK: 646.768.0592
CELL: 914.772.4587
EMAIL: mitch@dfmklaw.com

As of September 1, 2017

**BY ELECTRONIC MAIL**

Holistic of Arkansas, LLC
Attn: Josh Genderson
Authorized Representative and Chief Executive Officer
josh@cellar.com

    Re:    *Preparation of Applications for Medical Marijuana Licenses in the State of Arkansas*

Dear Josh:

    We are pleased that you have selected Feuerstein Kulick LLP (the "Firm") to represent Holistic of Arkansas, LLC (the "Company"). If at any time you have any questions, or if there is an action you believe we should be taking, please do not hesitate to contact us right away. We want you to be fully satisfied at all times with the services we provide you.

    We believe that a clear understanding of the scope of our engagement and of our fee arrangement will assist both of us to establish a positive relationship, and help us to avoid any misunderstandings. This letter is intended, therefore, to outline the scope of our services in this matter, and to confirm the terms and fee arrangements upon which the Firm will render services to the Company.

    The Company has engaged the Firm to represent it in connection with its applications for a medical marijuana cultivation and dispensary licenses in the State of Arkansas. It is understood that these services will be performed by us principally in the State of New York and that the substantive law of New York will govern any issues that may arise concerning this representation and any of the provisions of this agreement including its enforcement.

    I will personally supervise and coordinate the rendition of services set forth above. You should raise directly to me any questions that may arise concerning the terms of this engagement letter, or the performance of our services. From time to time, we may delegate portions of the work to other attorneys and paralegal assistants in the Firm for certain reasons, such as to gain the advantage of their expertise, to effect cost efficiencies for your benefit, or otherwise. Notwithstanding the foregoing, it is understood and agreed that the Firm will also delegate portions of work to Matthew Schweber, whose time is currently billed at ____ per hour.

**EXHIBIT 1**

Holistic of Arkansas, LLC
As of September 1, 2017
Page 2

Currently, my time is billed at        per hour, my junior partners' time is billed at        per hour, and my associate's time is billed at        per hour. Our invoices will also set forth all expenses that we incur on your behalf. A schedule showing the current basis upon which we compute certain costs and expenses is attached for your reference. For our work in connection with the Arkansas medical marijuana applications, we have agreed to an unconditional fixed fee of _____ to be paid following the submission of the applications on September 18, 2017 (the "Fixed Fee"). In addition to the Fixed Fee, in the event that the Company is successful in obtaining any medical marijuana license, dispensary and/or cultivation, in the State of Arkansas, the Company shall (i) pay the Firm and Mr. Schweber         of the amount billed minus        , and (ii) issue Units and interests, including economic interests, to the Firm or its designee equal to _____, in and to the Company and any affiliate owned and/or controlled by Josh Genderson and/or David Engel as far as such entity relates to the Arkansas operation(s). For the sake of clarity, in addition to a   % ownership interest in the Company, the Firm or its designee would be entitled to   % of the economics realized by Full Moon Investments, LLC and/or Liberty Management, LLC relating to the Arkansas operation(s).

The Fixed Fee does not include any third-party costs incurred by the Firm, which costs will be the Company's responsibility and needs to be paid by the Company in a timely manner. The Fixed Fee will also not include any legal fees or costs associated with any matters that are not directly connected to the Company's applications, including, without limitation, any litigation or any kind of disputes or transactions not referenced herein. For such other legal services, the Firm will charge its standard hourly rates.

Based upon our prior discussions, the Firm has concluded, in the exercise of its sole professional judgment, that this fee structure is fair and reasonable. Because the fee structure involves compensation to the Firm involving equity and economic interests, the provision of Rule 1.8(a) of the New York Rules of Professional Conduct must be met. Rule 1.8(a) requires, in addition to the fee structure being fair and reasonable to the client, that the firm: (i) provide full written disclosure to the terms of the fee structure; (ii) advise you, in writing, of the desirability of seeking, and provide you with reasonable opportunity to seek, the advice of independent legal counsel with respect to the new fee structure and (iii) obtain from you informed consent to the terms in writing signed by you.

By your signature below, you hereby: (i) acknowledge the disclosures contained in this letter and otherwise made by the Firm; (ii) agree to the terms of the fee structure set forth herein for the Firm's representation of you in connection with the Company's applications for medical marijuana licenses in the State of Arkansas; (iii) acknowledge that you have had the opportunity to review the disclosures made by the Firm and the new fee structure with independent legal counsel and that the Firm has recommended that you do so; and (iv) represent and warrant that the signatories below have the authority to bind the entities below, and any affiliate created in relation to the Company's Arkansas operation, to the terms hereof.

Our invoices are payable on the dates set forth above. If any invoice is not paid in full within 15 days of the events set forth above, we reserve the right to charge interest upon the unpaid balance, from the date the invoice is rendered until the date it is paid, at the legal rate of 9% per annum. If any payment becomes delinquent without our consent, we may treat your failure to make payment in accordance with the terms of this agreement as a decision on your part to terminate our services and

Holistic of Arkansas, LLC
September 1, 2017
Page 3

may cease any pending work until satisfactory arrangements have been made. In such event, we shall, upon written notice to you, have the right to withdraw as counsel in any matter or action in which we have appeared on the Company's behalf, or on behalf of any entity in which the Company has an interest, which withdrawal shall not relieve the Company of the obligation to pay any fees and expenses incurred by it.

If you disagree with the amount of our fees or other charges, or if you have any concerns about our work for the Company, please bring that to our attention as soon as possible. In the event any dispute between us arising from or relating to our work cannot be resolved informally, we both agree to forego the right to trial by jury and to resolve any disputes between us, or any disputes the Company has with any of our lawyers or staff, including but not limited to disputes over fees and charges, exclusively through private and confidential binding arbitration in New York City before JAMS or NAM, established and respected mediation and arbitration services, in accordance with the rules and procedures of the selected agency. The arbitrator or arbitrators will be authorized to award any damages or relief that a court of law having jurisdiction over the dispute could award. You acknowledge by signing this letter that the Company has had the opportunity to consult with other counsel about the consequences of agreeing to binding arbitration and that we recommended that you do so. You understand that, by agreeing to the provisions of this paragraph, the Company is waiving the right it may have to request non-binding arbitration of fee disputes in New York City under Part 137 of the Rules of the Chief Administrator of the Office of Court Administration of the New York State Unified Court System or under applicable bar association procedures. By signing this engagement letter, the Company expressly waives that right and agrees to binding private arbitration as provided above.

Please confirm that the foregoing reflects our agreement by signing and returning a copy of this letter.

We are proud to represent you and trust that we will justify your confidence in us.

*[Signature Page follows on Next Page]*

Holistic of Arkansas, LLC
As of September 1, 2017
Page 4

                                                            Very truly yours,

                                                            FEUERSTEIN KULICK LLP

                                                            /s *Mitch Kulick*
                                                            By:  Mitch Kulick

Confirmed and Agreed to:

HOLISTIC OF ARKANSAS, INC.

By: Josh Genderson, Chief Executive Officer and Authorized Representative

LIBERTY MANAGEMENT, LLC

By: Josh Genderson, Chief Executive Officer and Authorized Representative

FULL MOON, LLC

By: Josh Genderson, Authorized Representative