UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS, LLC, and SAM EPSTEIN ANGEL    PLAINTIFFS

Case No. 2:20-CV-230-LTR

vs.

FEUERSTEIN KULICK LLP    DEFENDANT

## JOINT RULE 26(f) REPORT

Counsel for Plaintiffs, Holistic Industries of Arkansas and Sam Epstein Angel, and Defendants, Feuerstein Kulick LLP. conferred via Zoom virtual conference in accordance with Federal Rule of Civil Procedure 26(f) and this Court's November 23, 2020, Initial Scheduling Order, and submit this Joint Rule 26(f) Report:

(1) Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26 (a).

**Response:** None.

(2) Date when mandatory disclosures were or will be made.

**Response:** February 15, 2020.

(3) Subjects on which discovery may be needed.

**Response:** The parties anticipate discovery related to the factual allegations of the complaint, or amended complaint, and the defenses asserted by the defendants.

(4) Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

**Response:** It is anticipated that the parties will request and receive all discovery requests to which the party has not objected in the documents' native format.

If so: (a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

**Response:** If requested, the production will be limited to data reasonably available to the parties in the ordinary course of business.

(b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

**Response:** Not applicable.

(c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

**Response:** Native format in which the documents are ordinarily maintained. The parties do not anticipate that there will be any issue in producing documents in native format but have agreed to work in good faith to resolve any such unlikely issue before seeking court intervention.

(d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

**Response:** Yes.

(e) other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**Response:** None are anticipated.

(5) Date by which discovery should be completed.

**Response:** October 22, 2021.

(6) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

**Response**:  None.

(7) Any orders, e.g. protective orders, which should be entered.

**Response**:  None are anticipated.

(8) Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

**Response**:  None.

(9) Any objections to the proposed trial date.

**Response**:  None.

(10) Proposed deadline for joining other parties and amending the pleadings.

**Response**:  September 22, 2021.

(11) Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)

**Response**:  October 22, 2021.

(12) Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)

**Response**:  November 22, 2021.

(13) Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference.)

**Response**:  Not applicable.

Pursuant to the Court's Initial Scheduling Order, the parties anticipate at this time that five (5) days will be required for a jury trial.

BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
501-372-6175
501-375-2802 = fax

/s/ *D. Reece Owens*
~~By:~~      ~~R. Kenny McCulloch #88044~~
D. Reece Owens #2017183
~~————~~ATTORNEYS FOR DEFENDANT
~~————~~rkmcculloch@barberlawfirm.com
~~————~~rowens@barberlawfirm.com

*Attorneys for Feuerstein Kulick, LLP*


CAMPBELL TEAGUE LLC

*/s/ Beau B. Brogdon*
E. Jordan Teague
Fed. Bar # 8170C24G (Admitted in W.D. Ark.)
jordan@campbellteague.com
Beau Brogdon
Fed. Bar # 12951 (Admitted in W.D. Ark.)
beau@campbellteague.com

CAMPBELL TEAGUE LLC
16 W. North St.
Greenville, South Carolina 29601
PH:    (864) 326-4186
Attorneys for Holistic Industries of Arkansas, LLC
and Sam Epstein Angel