UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HOLISTIC INDUSTRIES OF ARKANSAS,                                                          PLAINTIFFS
LLC, and SAM EPSTEIN ANGEL

vs.                    Case No. 2:20-CV-230-LTR

FEUERSTEIN KULICK LLP                                                                      DEFENDANT

### DEFENDANT'S REPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT AND TO DISMISS SAM EPSTEIN ANGEL CLAIMS

COMES Defendant, Feuerstein Kulick LLP, by and through its attorneys, Barber Law Firm PLLC, and for its Defendant's Response to Plaintiffs' Motion to Amend Complaint and to Dismiss Sam Epstein Angel's Claims, states:

Defendant objects to Plaintiffs' Motion as an improper attempt to amend the complaint and simultaneously seek to dismiss a party that is presently before the court where Defendant's Motion to Dismiss and to Compel Arbitration is pending. The correct procedure would have been to file a motion to dismiss pursuant to Rule 41 FRCP. But because Defendant's Motion to Dismiss and to Compel Arbitration has been thoroughly briefed and is pending before the Court, that motion would also fail. In fact, one of the issues raised by Defendant in its motion papers is Mr. Epstein's lack of standing, which is now ripe for adjudication. Tellingly, Plaintiffs do not address the argument of Angel's lack of standing in their opposition and, therefore, have conceded Defendant's argument. Plaintiff has not rebutted any of the arguments submitted regarding the lack of standing by Angel at pages 12 and 13 of the Brief in Support of Motion to Dismiss and to Compel Arbitration.

In short, Plaintiffs have not followed the correct procedure in this case. The Eighth Circuit has opined that the purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Paulucci v. City of Duluth, 826 F.2d 780, 782

(8th Cir. 1987). The non-movants must be able to demonstrate some plain legal prejudice flowing to them as result of a Rule 41(a)(2) dismissal. Hoffman v. Alside, Inc., 596 F. 2d 822, 823 (8th Cir. 1979).

The Eighth Circuit has stated that the absence of a justification for the proposed dismissal is the type of prejudice which might support denial of motion. Hamlin Group, LLC v. Third Generation Invs. Inc., 613 F. Supp. 2d 1062, 1065 (8th Cir. 2009). The Eighth Circuit has also identified factors to be considered in deciding a Rule 41(a)(2) motion as including (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part are the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant . Id.

Rule 41(a)(2) provides that an action shall not be dismissed at the plaintiff's request "**save upon order of the court and upon such terms and conditions as the court deems proper**". Some of the factors justifying denial are the defendant's effort and expense in preparation for trial, excessive delay and lack of diligence on the part of plaintiff in prosecuting the case, and insufficient explanation for the need to take a dismissal.  In Pace v. Southern Express Company, 409 Fed 2nd 331 (8th Cir. 1969), the Eighth Circuit stated:

> Defendants should not be harassed by multiple suits. Plaintiff had ample opportunity to show that there are justiciable issues involved, but has failed to make such a showing. For that reason, it is only fair that this litigation be disposed of in a manner that will protect the defendant against future litigation. Id. at 334.

In the case at bar, Defendant has gone to great expense to prepare the motion to dismiss and motion to compel arbitration. In response Plaintiff Angel did not refute any of the arguments set forth in Defendant's Motion regarding his lack of privity and standing.

In Pace the court noted that plaintiff failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant on a ruling or on the summary judgment by its dismissal tactic. Id. at 333. The court noted that these considerations amply support the district court's denial of the motion to dismiss without prejudice. Id. at 334.

The standing/privity issue set forth in Defendant's motion to dismiss is ripe for adjudication. Plaintiff has failed to respond at all to Part III of Defendant's brief in support of motion to dismiss. As such, Plaintiff has waived its right to submit any argument in writing or orally on this issue.  Plaintiff has not rebutted Defendant's argument and the court should enter an order finding that Sam Epstein Angel does not have standing/privity to bring the lawsuit and was improperly named as a plaintiff.

Defendant is submitting this opposition because it anticipates that plaintiff will attempt to refile this action (either in Arkansas or in a State/forum that has personal jurisdiction over Defendant) and make Sam Epstein Angel a plaintiff. Defendant should not be put to the expense of having to re-brief an issue that has already been briefed and is before the court ready for adjudication. The court's entry of an order finding that Angel does not have standing would preclude a refiling of the complaint by Angel in another venue. Defendant should not be required to re address this issue in another forum which is squarely before the court where Angel has provided no rebuttal to defendant's arguments.

In sum, Defendant has clearly shown that Angel has no standing to sue Defendant pursuant to the plain and unambiguous terms of the LLC Agreement. Furthermore, Angel was not a signatory to the engagement letter which included the enforceable arbitration agreement. Therefore, Angel would not be a party in the arbitration (if, in fact, that is where

3

Plaintiffs file next). Angel does not contest that he had no privity with the Defendant. Defendant has submitted proof to the contrary which is now unrebutted and therefore, Defendant is entitled to judgment on the pleadings.

    WHEREFORE, Defendant, Feuerstein Kulick LLP, respectfully requests that this Court enter an order denying Plaintiff's Motion to Amend Complaint to Dismiss Sam Epstein Angel from this proceeding.

    Respectfully submitted,

R. KENNY MCCULLOCH #88044
D. REECE OWENS #2017183
ATTORNEYS FOR DEFENDANT
BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201
501-372-6175
501-375-2802 = fax
rkmcculloch@barberlawfirm.com
rowens@barberlawfirm.com