IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| Holistic Industries of Arkansas, LLC and Sam Epstein Angel, <br><br> Plaintiff, <br><br> v. <br><br> Feuerstein Kulick LLP, <br><br> Defendant. | CIVIL ACTION NO. 2:20-CV-230-LPR |

**REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT
AND TO DISMISS SAM EPSTEIN ANGEL'S CLAIMS**

I.  ARGUMENT

  A.  **Holistic Industries' request to amend has not been disputed.**

Notably, Defendant has not disputed Holistic Industries' claim that leave to amend should be granted under Rule 15's liberal standard; as such, this Court should grant Holistic Industries' request to file an amended pleading.

  B.  **Defendant has not shown "legal prejudice" that would preclude voluntary dismissal of Sam Angel.**

As for Plaintiff Sam Epstein Angel's request for voluntary dismissal,[1] Defendant correctly notes that it must demonstrate "some plain legal prejudice" to avoid dismissal. However, the only "prejudice" Defendant identifies is (1) "[going] to great expense to prepare the motion to dismiss and motion to compel arbitration" and (2) the potential "refiling of the complaint by Angel in

---

[1] Defendant correctly notes that Rule 41(a)(2) is the rule which gives this Court authority to grant a party's request for voluntary dismissal, including in this instance. However, Defendant seemingly takes issue with Plaintiff's request for dismissal being combined with a motion for leave to amend. The rules do not prohibit combining motions, as the Court is capable of ruling separately on each request. Indeed, Defendant itself filed three motions in one (a motion to compel arbitration, a motion to dismiss, and a motion for judgment on the pleadings).

another venue." Neither of these assertions constitutes "legal prejudice" which could preclude a voluntary dismissal, and both are unfounded.

> 1. **Neither the possibility of a second lawsuit nor the expense of litigation constitutes "legal prejudice."**

"Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014). As the court noted in *Hamlin*, a case upon which Defendant relies, "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Hamlin Group, L.L.C. v. Third Generation Inv.*, 613 F. Supp. 2d 1062, 1065 (N.D. Iowa 2009) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). Additionally, incurring legal fees in the initial stages of a case is not "legal prejudice." *See Mullen*, 770 F.3d at 728 (noting "expense and effort of drafting and responding to discovery prior to dismissal does not constitute legal prejudice"). Accordingly, Defendant has not identified any "legal prejudice" weighing against voluntary dismissal.

The *Pace* case cited by Defendant does not command a different result. As a preliminary matter, *Pace* is not binding, Eighth Circuit precedent as represented by Defendant[2]; rather, *Pace* is a decision by the Seventh Circuit Court of Appeals. *See Pace v. S. Exp. Co.*, 409 F.2d 331 (7th Cir. 1969). Additionally, unlike the instant case—which has been pending in this Court for only three months, and where no discovery has occurred—the underlying action in *Pace* "had already been pending for one and one-half years, . . . considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment."

---

[2] *See* Doc. 22, p. 2.

### 2. Defendant's assertions of prejudice are unfounded.

Defendant claims that it went to "great expense" to brief issues which would be ostensibly rendered moot by a voluntary dismissal by Sam Angel. This is disingenuous. Of its 20-page brief, approximately ½ of a page is devoted to Sam Angel's standing. Moreover, Defendant's assertion that it faces the potential "refiling of the complaint by Angel in another venue" is merely speculative, not founded on any facts.

In reality, Plaintiffs' undersigned counsel was just retained and needs time to evaluate what claims Sam Angel may have. To dismiss Sam Angel's entire *case* with prejudice under Rule 41(a) would have an unfair, preclusive effect on other claims he may be entitled to assert in this action. *E.g.*, *Chira v. Lockheed Aircraft Corp.*, 520 F. Supp. 1390, 1390 (S.D.N.Y. 1981) (noting that, following a Rule 41(b) dismissal with prejudice, "any claims set forth in the second complaint which were or could have been set forth in the original complaint are barred as res judicata"). It is not unreasonable, or in bad faith, to request a voluntary dismissal of Sam Angel without prejudice so that Plaintiffs' counsel can adequately advise him. Rather, this request was a good faith attempt to meet Defendant in the middle.

## II. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court enter an order:

- Dismissing Angel's claims without prejudice; and
- Granting Holistic Industries leave to amend its complaint in the form attached as Exhibit "1" to its motion.

Respectfully submitted this 16th day of February, 2021.

CAMPBELL TEAGUE LLC

*/s/ E. Jordan Teague*

E. Jordan Teague
Fed. Bar # 8170C24G (Admitted in W.D. Ark.)
jordan@campbellteague.com
Beau Brogdon
Fed. Bar # 12951 (Admitted in W.D. Ark.)
beau@campbellteague.com

CAMPBELL TEAGUE LLC
16 W. North St.
Greenville, South Carolina 29601
PH:    (864) 326-4186
Attorneys for Holistic Industries of Arkansas, LLC,
and Sam Epstein Angel

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a copy of the foregoing document was served upon the following by Notice of Electronic Filing:

Barber Law Firm PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201

/s/ E. Jordan Teague
COUNSEL

Date: February 16, 2021