IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| Holistic Industries of Arkansas, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Feuerstein Kulick LLP, <br><br> Defendant. | CIVIL ACTION NO. 2:20-CV-230-LPR |

**AMENDED COMPLAINT**

COMES NOW Plaintiff Holistic Industries of Arkansas, LLC ("Holistic Industries"), by and through its undersigned counsel, and for its Amended Complaint against Feuerstein Kulick LLP ("Firm") states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Holistic Industries is a dissolved limited liability company organized under the laws of Arkansas with its principal place of business in Chicot County, Arkansas. Holistic Industries brings this action in connection with the winding-up of its affairs. Holistic Industries has three members, who are citizens of Arkansas, South Carolina, and Pennsylvania.

2.    Firm is a limited liability partnership with its principal place of business in New York, New York. Upon information and belief, none of Firm's partners are citizens of Arkansas, South Carolina, or Pennsylvania. Firm holds itself out as "one of the preeminent and go-to law firms for individuals and companies operating in the legal cannabis space, representing clients across the US in virtually every facet of the industry."[1]

---

[1] https://www.dfmklaw.com/practice-areas/cannabis (January 26, 2021).

3. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332 because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Firm because this action arises out of or relates to Firm's contacts with the State of Arkansas and those contacts create a substantial connection between Firm and the State of Arkansas.

5. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.

## FACTUAL BACKGROUND

### *Holistic Industries Engages Firm*

6. In the Summer of 2017, when Arkansas had recently legalized medical marijuana, a group of individuals discussed the possibility of starting a dispensary and cultivation facility using private equity investor funding.

7. One of these individuals, Josh Genderson, suggested that the group use Firm to prepare and submit the license applications to the Arkansas Medical Marijuana Commission (the "Commission").

8. Firm holds themselves out as experts in the preparation and submittal of medical marijuana cultivation and dispensary license applications around the country.

9. Firm formed Holistic Industries through a third-party corporate formation service to be the entity for which Firm would prepare and submit license applications.

10. The applicant for the license was to be Sam Epstein Angel, on behalf of Holistic Industries.

11. The members of Holistic Industries were to be Sam Angel, Keith Morgan, Josh Genderson, and Rick Genderson.

## The Commission's Mandatory
### "Documentation and Information for Applicant"

12. The Commission set rules and regulations for the application and merit-scoring process.

13. To even be considered by the Commission for scoring on the merits, an application had to meet certain minimum criteria and contain certain documentation, per Section IV.4-5 and V.4-5 of the Commission's rules and regulations.

14. Under Section IV.5(b)(ii) and V.5(b)(ii), one of these criteria was the submission, for each owner, of two forms of documentation showing date of birth, one of which could be a passport.

15. The Commission's Requests for Application similarly state, "Any person submitting a Disclosure Statement must present at least one (1) of the source documents listed below" (such as a passport) "<u>and</u> a copy of his or her valid, unexpired driver's license or government issued photo identification card to prove his or her date of birth." Section B, Appendix 2 (emphasis original).

16. The Commission's Requests for Application also state, "Applications which fail to meet the requirements of [Section IV.4 and IV.5, and V.4 and V.5] **<u>will be rejected</u>**" (emphasis added).

17. It was Firm's responsibility to ensure the applications contained all documents required by Sections IV.5 and V.5 of the Commission's rules and regulations.

18. It was Firm's responsibility to gather all documents required by Sections IV.5 and V.5 of the Commission's rules and regulations, including two forms of identification for all four owners, and to include such documents in the final applications.

***Firm Fails to Ensure All Required "Documentation and Information for Applicant" is Included in Applications***

19. The submission deadline set by the Commission was September 18, 2017 at approximately 4:30 p.m.

20. The Commission required that applications be hand-delivered.

21. Firm did not finish preparing the application materials until approximately 1 p.m. Central on September 18, 2017.

22. Firm emailed the applications and supporting materials to a FedEx location in Little Rock, Arkansas, where a representative of Holistic Industries picked up the print job and rushed it to the Commission's office minutes before the deadline.

23. The Arkansas Beverage Control Administration issued letters to Holistic Industries in early October 2017, indicating that the applications had been summarily denied because the Firm failed to include two forms of identification for the four owners.

24. Firm had only included copies of passports for the four owners, which was insufficient under the Commission's rules and regulations.

25. Either Firm forgot to include a second form of identification for the owners, or Firm failed to properly research and understand the Commission's mandatory minimum qualifications for applications; in either instance, Firm's conduct fell below the generally accepted standard of practice.

26. That Firm's conduct fell below the generally accepted standard of practice is evidenced by the fact that hundreds of applications **were** accepted for scoring, meaning that those applications contained the required documentation.

27. As a direct and proximate result of Firm's failure to include two forms of identification for all four owners, Holistic Industries' application was not considered by the Commission for merit scoring.

### *Holistic Industries Would Have Received a Top Score and Would Have Received Licenses Worth Millions*

28. The Commission's scoring process involved evaluation of specific criteria based on pre-assigned potential point values, for a total of 100.

29. Five commissioners scored each application, for a total of 500 potential points.

30. The scoring process was blind to remove any potential bias.

31. The Commission initially awarded five (5) cultivation licenses and thirty-two (32) dispensary licenses, with a maximum of four dispensary licenses in each geographic zone.

32. Upon information and belief, according to data available on the Commission's website, to be among the applicants ultimately awarded one of the initial five cultivation licenses, Holistic Industries would have needed a score no higher than 433.

33. Upon information and belief, according to data available on the Commission's website, to be among the applicants ultimately awarded one of the initial four dispensary licenses in Zone 7 (the zone for Chicot County, where Holistic Industries' property was located), Holistic Industries would have needed a score no higher than 351.

34. Holistic Industries will prove at trial that its applications would have received scores entitling it to a cultivation and dispensary license because of Holistic Industries' strength in the criteria which were scored by the Commission, such as: thorough operations plan, access to

financial resources (including investor funding that was already being secured), experienced leadership, and the positive economic impact it would have had by bringing numerous jobs to a rural area of Arkansas.

## COUNT I.
### Legal Malpractice – Negligence

35. Holistic Industries realleges the foregoing paragraphs as if fully restated herein.

36. Holistic Industries paid Firm at least $50,000 to prepare applications for cultivation and dispensary licenses.

37. Firm owed Holistic Industries a duty to possess and use with reasonable diligence the skill ordinarily used by attorneys acting in the same or similar circumstances.

38. Firm breached its duty of care to Holistic Industries by failing to include the documentation required under Sections IV.5 and V.5 of the Commission's rules and regulations.

39. As a direct and proximate cause of Firm's neglect, Holistic Industries' applications were not considered on their merits; had Holistic Industries' applications been considered on their merits, Holistic Industries would have received winning scores, and Holistic Industries would have been awarded cultivation and dispensary licenses.

40. Holistic Industries' cultivation license would have been worth at least $20 million.

41. Holistic Industries' dispensary license would have been worth at least $5 million.

42. Firm's conduct fell below the generally accepted standard of practice.

WHEREFORE, Holistic Industries demands judgment against Firm for damages in an amount to be determined at trial, and for such other, further and different relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Holistic Industries demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of April, 2021.

                CAMPBELL TEAGUE LLC

                */s/ Beau B. Brogdon*
                E. Jordan Teague
                Fed. Bar # 8170C24G (Admitted in E.D. Ark.)
                jordan@campbellteague.com
                Beau Brogdon
                Fed. Bar # 12951 (Admitted in E.D. Ark.)
                beau@campbellteague.com

                CAMPBELL TEAGUE LLC
                16 W. North St.
                Greenville, South Carolina 29601
                PH:   (864) 326-4186
                Attorneys for Holistic Industries of Arkansas, LLC

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a copy of the foregoing document was served upon the following by Notice of Electronic Filing:

Barber Law Firm PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201

*/s/ Beau Brogdon*
COUNSEL

Date: April 5, 2021