UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

HOLISTIC INDUSTRIES OF                                                    PLAINTIFF
ARKANSAS, LLC

     vs.                            Case No. 2:20-CV-230-LTR

FEUERSTEIN KULICK LLP                                                 DEFENDANT

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS, OR, ALTNERATIVELY, COMPEL ARBITRATION

Feuerstein Kulick LLP (the "Firm" or "Defendant" hereinafter) submits this Supplemental Brief in Support of its Motion to Dismiss, or, Alternatively, Compel Arbitration in compliance with the Court's Order dated April 2, 2021, directing Defendant to file a supplemental brief in response to Plaintiff's, Holistic Industries of Arkansas, LLC (the "Company") Amended Complaint, subsequently filed on April 5, 2021.  As set forth more fully below, Plaintiff's Amended Complaint largely alleges the same facts as its original complaint.  Accordingly, Defendant reincorporates and realleges each argument from its Brief in Support of its Motion to Dismiss, or, Alternatively, Compel Arbitration.

Defendant's requested relief is warranted here because (i) the Court lacks personal jurisdiction over Defendant since neither the Firm nor its members have ever stepped foot in the State of Arkansas, (ii) Plaintiffs do not have the authority or capacity to bring this lawsuit, (iii) the Complaint generally fails to state a plausible claim upon which relief can be granted, and (iv) Defendant is entitled to judgment on the pleadings because Plaintiffs cannot prove that the Firm caused them any damages or that they suffered damages as a result of the allegations in their Complaint.  Should the Court deny Defendant's Motion to Dismiss, then this case must be referred to arbitration pursuant to the parties' engagement letter.

## BACKGROUND

Defendant realleges and reincorporates the facts cited in its original brief.  Plaintiff's Amended Complaint does not change the facts relied upon for Defendant's pending motions and will not regurgitate the facts for the sake of brevity and the Court's convenience.

## DISCUSSION

### I.   THE FIRM IS NOT SUBJECT TO PERSONAL JURISDICTION IN ARKANSAS

Plaintiff's Amended Complaint does not allege any new facts affecting personal jurisdiction, Defendant's argument, or the fact that Defendant is not subject to personal jurisdiction in Arkansas.  Apart from its blanket statement that personal jurisdiction arises from the Firm's contacts with the State of Arkansas, Plaintiff does not allege any fact in its Amended Complaint supporting a finding of personal jurisdiction.  Such a blanket and conclusory statement does not satisfy the standard the Court must apply to find personal jurisdiction.  To prevent a recitation of Defendant's initial arguments and case citations, Defendant reincorporates and realleges those arguments and cases herein.

In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment." *Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1102 (8th Cir. 1996).  Notably, in cases where the client is located in one state and the law firm is located in a different state, the Eight Circuit has repeatedly held that such representation **does not** create the constitutionally required minimum contacts to subject the law firm to jurisdiction in the forum state.  *See generally* Defendant's Reply to Plaintiffs' Response in Opposition of Motion to Dismiss, or, Alternatively, Compel Arbitration, Doc. 24; *see also Deloney v. Chase*, 755 Fed.

Appex. 592 (8th Cir. December 4, 2018);[1] *Eagle Tech v. Expander Americas, Inc.*, 783 Fed.3d 1131, 1137 (8th Cir. 2015); *Porter v Berall*, 293 Fed.3d 1073 (8th Cir. 2002); *Austad Company v. Pennie & Edmonds*, 823 Fed.2d 223 (8th Cir. 1987).

In a case with similar facts Minnesota attorneys and residents brought suit in Minnesota against a New York lawyer alleging damages from legal work done by the Defendant in New York concerning the estate of the Plaintiff's deceased brother. Lawhead v. Law Offices of Joseph Martin Carasso & Joseph Martin Carasso, 482 F. Supp.3rd 867 (D.C. Minn. 2020). The District Court found that the New York lawyer had insufficient contacts  with Minnesota and dismissed the action for lack of personal jurisdiction over the Defendant. Id. at 874. Lawhead alleged Carasso had sufficient contacts with Minnesota based on his alleged solicitation of business of the Lawheads in Minnesota for nearly 20 years by phone, mail, and email; the retainer agreement and attorney client relationship created by the parties, the 150 emails Carasso sent to the Lawheads in Minnesota related to Blair's estate; the check Carasso sent to a Minnesota Funeral Home to pay for Blair's funeral; and the initial phone call made by Brandon Lawhead in Minnesota to Carasso in New York. Id. at 872.

The District Court disagreed with Plaintiff's arguments noting that many of the purported contacts Carasso had with Minnesota were no contacts with the state at all and in fact the Lawheads reached out and solicited Carasso's services. Id. at 872. The Court also found that contracting with or developing an attorney client relationship with a resident of the forum state does not, in and of itself, create personal jurisdiction over the out-of-state Defendant citing Austad Co. v. Pennie & Edmonds, 823 F. 2nd 223, 226 (8th Cir. 1987).

---

[1] Undersigned counsel advises the court and counsel that this case was not selected for publication in West Federal Reporter. Pursuant to Federal Rule of Appellate Procedure 32.1 undersigned counsel states that it is citing this unpublished opinion of the court which has persuasive value on material issue and no published opinion of this court or another court would serve as well.

The District Court also relied upon the <u>Austad</u> opinion where the law firm sent two attorneys into the forum state for three days to review documents of the client finding that personal jurisdiction was lacking despite this because (1) the law firm: did not maintain an office in the forum state or a license to practice law there; (2) never advertised or solicited business in the forum state; (3) did not actively seek out the plaintiff as a client; and (4) represented them on matters outside the forum state. <u>Id</u>. at 226-227.

The <u>Lawhead</u> Court then noted that when the only contacts defendant had with the forum state are based on the plaintiff's affiliations with the state such contacts are too attenuated to satisfy due process citing <u>Walden v. Fiore</u>, 571 U.S. 277, 285 (2014).   <u>Lawhead</u> at 874.   The Court followed the language in Walden that the plaintiff may not be the only link between the defendant and the forum state and the defendant must have purposely directed activity at the forum state itself. <u>Id</u>. at 874.

As previously stated, the Firm maintains no physical presence in Arkansas and conducts no regular business in Arkansas.  The Firm does not direct any advertisements to Arkansas through publications circulated in Arkansas.  The Firm's only presence and activity remain in New York. And the parties' engagement letter makes clear that any dispute arising out of the engagement should be litigated before an arbitration panel in New York, New York.  Most importantly, the Company initiated the relationship with the Firm fully aware of the Firm's location and the forum selection clause in the engagement letter.  To subject the Firm to personal jurisdiction in Arkansas would be unjust and contrary to the relationship, understanding, written agreement, and contact between the parties.  Plaintiff's Complaint, therefore, should be dismissed for a lack of personal jurisdiction.

## II.  PLAINTIFF FAILS TO ALLEGE FACTS UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's Amended Complaint alleges facts that it presumably attempts to present in an attempt to overcome Defendant's arguments under Rule 12(b)(6).  But as set forth below, Plaintiff's efforts to obviate Defendant's arguments fail..

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  This rule requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff's complaint must demonstrate a plausible claim for relief, which pleads factual content sufficient to allow the court to reasonably infer a defendant is liable for the facts in the plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).

In evaluating a motion to dismiss under Rule 12(b)(6), the facts alleged in the complaint are accepted as true, but the complaint must allege "facts to state a claim to relief that is plausible on its face."  *Sorace v. United States*, 788 F.3d 758, 762 (8th Cir. 2015), quoting *Bell Atlantic Corp.*, 550 U.S. 570.  "To establish a prima facie case of negligence, a plaintiff must show that damages were sustained, that the defendant breached the standard of care, and that the defendant's actions were the proximate cause of the damages."  *Union Pac. R.R. v. Sharp*, 330 Ark. 174, 180 (Ark. 1997).  In *Sorace*, the Eighth Circuit upheld a district court's dismissal of a complaint alleging negligence under South Dakota law because the complaint simply alleged that the defendant was negligent in failing to stop a vehicle.  *Id.* at 764.  As the Court there reasoned, this conclusory statement does not state a claim because it does not allege an appropriate claim for negligence—a proper claim required the plaintiff to allege the elements of negligence required in

that scenario of a special relationship. *Id.* Because the Plaintiff failed to allege the appropriate elements of negligence, dismissal of the complaint was proper. *Id.*

Plaintiff asserts in its Amended Complaint that it would have received the necessary scores to be awarded a medical marijuana license because it submitted a strong showing to the commission of its business operation plans, financial resources, experienced leadership, and positive economic impact. Amended. Complaint., pp. 5-6, ¶¶ 28-41. Again, these are blanket assertions that do not offer any facts or methodology for proving the commission would have scored its application high enough to grant a license. Plaintiff then alleges the same blanket statements that it would have been awarded an arbitrary amount of damages it can never prove and provides no methodology or actual way of proving its speculative damages. *Id.* at ¶¶ 41-42.

As previously argued by Defendant, Plaintiff does not – because it cannot – explain how it was all but certain that the Company would have received a medical marijuana license had it been scored on the merits. The State of Arkansas received more than 300 applications for medical marijuana licenses and awarded only 37. Plaintiff's Amended Complaint simply alleges additional facts about its application and proposals for the operation of the business. But Plaintiff's Amended Complaint does not state how or why its application was any better than the 37 applications that were awarded a license.

Put somewhat differently, even if the Court were to accept Plaintiff's new allegations are true, Plaintiff fails to present any evidence or facts that the board would have scored Plaintiff's application within the top 37 (without requiring the Board to review all 300 applications again). Instead, Plaintiff offers purely speculative allegations that can never be decided by a jury. In short, even the new allegations contained in the Amended Complaint do not change the fact that it will be virtually impossible for Plaintiff to establish "but for causation" unless and until it can (i)

6

compel the Arkansas Department of Health to re-score all 300 applications without any comparison to the Company's application included, and (ii) establish that the Company's application would have been scored in the top 37.

In fact, this case is analogous *Sorace*, where the Eighth Circuit affirmed the dismissal of the Complaint on similar grounds.  There, the Eighth Circuit determined that the complaint failed to meet the requirements of pleading a claim because the plaintiff did not allege an element of the claim of negligence.  Similarly, here, Plaintiffs have not identified a single act or omission that satisfies any element of negligence.  The Amended Complaint's allegations contain pure speculation as to whether Plaintiff would have been awarded a license and the amount of damages Plaintiff has suffered.  As such, the Amended Complaint fails to satisfy the necessary pleading requirements in that it does not state a claim upon which relief may be granted.  Thus, in the event the Court determines there is jurisdiction over Defendant (there is not), Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

### III.    PLAINTIFF LACKS CAPACITY TO BRING THIS LAWSUIT

 Defendant recognizes that the Court's Order allowing the Amended Complaint and dismissing an individual Plaintiff moots Defendant's arguments that the individual Plaintiff to the original Complaint does not have standing to bring this suit.  Nevertheless, Plaintiff's Amended Complaint fails to address Defendant's argument that the Company lacks authority to bring this lawsuit, and its claims against the Firm should also be dismissed.

Without restating its arguments, Defendant realleges and reincorporates its arguments presented in its original brief.  Plaintiff does not allege that it has capacity to bring this suit or that it conformed to the operating agreement to bring this suit. As previously stated, two of the members, Josh Genderson and Richard Genderson, were unaware of the lawsuit and would have

opposed the filing of a lawsuit against the Firm, had they been aware.  Thus, three (3) members could not have approved the action to sue as required by the operating agreement.  Accordingly, the lawsuit was filed in violation of the operating agreement.

The Court should dismiss any and all claims for a lack of standing and for a failure to state a plausible claim upon which relief may be granted.  The Complaint fails to allege how the Company – which, in any event, was dissolved before this action was initiated – is able to bring this lawsuit without the consent of three of its four members.

#### IV.   DEFENDANT IS ENTITLED TO JUDGMENT ON THE PLEADINGS

Plaintiff asserts additional allegations in its Amended Complaint related to its cause of action, as stated above.  Despite these new allegations, Defendant is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Plaintiff cannot prove causation or damages.  Plaintiff restates the law previously cited here for the sake of clarity and continuity.

When evaluating a motion on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil procedure, a court accepts "as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002), citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). "Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Id.*

"To show damages and proximate cause in a legal malpractice action, the plaintiff must show that but for the alleged negligence, the result would have been different in the underlying action." *Callahan v. Clark*, 321 Ark. 376, 386, (Ark. 1995).  "To prevail on a claim for legal

malpractice, 'a plaintiff must prove that the attorney's conduct fell below the generally accepted standard of practice and that this conduct proximately caused the plaintiff damages.'" *Hunter v. Keck*, 2020 Ark. App. 233, *2 (Ark. App. 2020); *quoting S. Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 122 (Ark. 2003); *see also Barnett v. Schwartz*, 47 A.D.3d 197, 203 (N.Y. App. 2nd Div. 2007) (a plaintiff must prove that the defendant "failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by members of the legal community"). Furthermore, a plaintiff alleging legal malpractice must show that, but for the alleged negligence of the attorney, the "result in the underlying action would have been different." *Dagget*, 354 Ark. 122. When evaluating damages in a legal malpractice action, "[t]he general rule is that an attorney is not liable for any damages which are remote or speculative. The test of whether damages are remote or speculative has nothing to do with the difficulty in calculating the amount, but rather the more basic question of whether there are identifiable damages." *Callahan,* 321 Ark. 387, quoting Ronald E. Mallen & Jeffrey M. Smith, ***Legal Malpractice***, § 16.3 at 894-895 (1989); *see also Riviera Prop. Holdings, LLC v Ferber Chan Essner & Coller, LLP,* 58 Misc. 3d 708, 715 (Sup. Ct., N.Y. Co. 2017).

Plaintiff's Amended Complaint contains the same blanket statements related to causation and damages as its original Complaint. As stated above, Plaintiff asserts in its Amended Complaint that it would have received the necessary scores to be awarded a medical marijuana license because it submitted a strong showing to the commission of its business operation plans, financial resources, experienced leadership, and positive economic impact. Am. Compl., pp. 5-6, ¶¶ 28-41. As to damages, it states that Plaintiff's licenses would have been worth a combined $25 million. Am. Compl. p. 6, ¶¶ 40-41.

However, Plaintiff still fails to provide any methodology for estimating such damages and demonstrates the amount of speculation required to collect such damages. Defendant's original arguments apply equally to Plaintiff's allegations contained in the Amended Complaint, but restates those arguments here for continuity and clarity. Plaintiff must establish that, but for the Firm's failure to meet the standard of care, Plaintiff would have been awarded a medical marijuana license by the Commission. Such a contention remains pure speculation. If thirty-seven (37) of 300 applicants were awarded licenses, then the Company had, at best, a 12.33% chance of success. Moreover, and perhaps more importantly, Plaintiffs have no way to prove that they would have been awarded a license. No one can say what the five (5) members of the Commission may have done if they had evaluated the Company's application against the other 300 applications. Plaintiff's allegations in its Amended Complaint that it possessed favorable factors does not change this fact, and the Commission's determination on such factors asks a jury to engage in wild speculation as to how five (5) individuals would have scored such factors as weighed against 300 other applications at the same time without comparing the score to the other applications. Thus, the Company will not be able to prove that it would have obtained a medical marijuana license but for the Firm's conduct. As such, Plaintiff's Amended Complaint should be dismissed.

## V.    IN THE ALTERNATIVE, THE COURT SHOULD COMPEL ARBITRATION

Plaintiff's Amended Complaint does not affect Defendant's argument that, in the event the Court denies Defendant's Motion to Dismiss, this case must be transferred to arbitration. In fact, the Amended Complaint is silent as to the issue of arbitration. Thus, Defendant realleges and reasserts its arguments in its original motion related to the issue of arbitration.

To briefly summarize, the engagement letter executed by the Company and the Firm provides that the Parties agreed to arbitrate any disputes related to the Firm's providing of services

to the Company.  By filing a Complaint, Plaintiff has indicated there is a dispute arising from or related to the work performed by the Firm.  By signing the engagement letter, the Company acknowledged and agreed to arbitrate any and all disputes arising from the Firm's representation of the Company.

Pursuant to the terms of the agreement, the Complaint should never have been filed in a state or federal court, and, pursuant to the FAA, this matter, if not dismissed for the reasons set forth above and herein, should be referred to arbitration before JAMS or NAM in New York City, New York.  The policy of enforcing arbitration agreements dictates that this matter must be resolved through arbitration rather than through a federal or state court.  Such relief is appropriately provided for under the FAA and is consistent with the terms of the contract executed by the parties.

## CONCLUSION

For the reasons described herein, the Amended Complaint should be dismissed in its entirety with prejudice.  In the alternative, the Court should compel the parties to arbitrate the instant dispute before JAMS or NAM in New York City, New York.  Therefore, in the event the Court does not dismiss the Complaint in its entirety, the Court should issue an order requiring the parties to arbitrate before JAMS or NAM in New York City, New York.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR  72201
501-372-6175
501-375-2802 = fax

By:    R. Kenny McCulloch #88044
       D. Reece Owens #2017183
       ATTORNEYS FOR DEFENDANT
       rkmcculloch@barberlawfirm.com
       rowens@barberlawfirm.com

11