IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| Holistic Industries of Arkansas, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Feuerstein Kulick LLP, <br><br> Defendant. | CIVIL ACTION NO. 2:20-CV-230-LPR |

**PLAINTIFF'S RESPONSE TO COURT'S AUGUST 16, 2021**
**TEXT ORDER (D.E. 34)**

Plaintiff Holistic Industries of Arkansas, LLC ("Holistic") responds to this Court's August 16, 2021 text order (D.E. 34) as follows:

### I.    ANALYSIS

"A federal court sitting in diversity applies the choice-of-law principles of the state in which it sits." *Baltz v. LiDestri Foods, Inc.*, 5:19-CV-5193, 2021 WL 802016, at *2 (W.D. Ark. Mar. 2, 2021) (citing *Platte Valley Bank v. Tetra Fin. Grp., LLC*, 682 F.3d 1078, 1082 (8th Cir. 2012)). As such, Arkansas choice-of-law principles govern.

"In a [professional negligence] action involving an Arkansas resident, such as [Holistic], and a resident of another state, such as [Defendant], Arkansas courts apply the law of the state with 'the most significant relationship' to or 'most significant interest' in the resolution of the issue at stake." *F.D.I.C. v. Deloitte & Touche*, 834 F. Supp. 1129, 1135 (E.D. Ark. 1992). Relevant factors the Court may consider include "(1) predictability of results, (2) maintenance of interstate and international order, (3) simplification of the judicial task, (4) advancement of the forum's governmental interests, and (5) application of the better rule of law." *Wylie v. Platinum Eq., LLC*,

1

4:18CV00017 JLH, 2018 WL 3118996, at *3 (E.D. Ark. June 25, 2018) (citing *Ganey v. Kawasaki Motors Corp., U.S.A.*, 366 Ark. 238, 234 S.W.3d 838, 846-47 (2006)).

      **A.**      **In determining the parties to the September 1, 2017 engagement letter, this Court should apply both Arkansas and New York law as explained below.**

The Court first asks the parties to identify which state's law governs the question of who the parties were to the engagement letter. The specific issue in dispute is whether Holistic was a party.[1] A requisite to a valid contract is competent parties, i.e., those with the legal capacity to contract.[2] As such, this question first turns on whether Holistic, an entity that did not exist on September 1, 2017, had legal capacity to contract. While Holistic would submit that Arkansas has the most significant interest in a determination regarding the legal capacity of an Arkansas LLC to contract prior to its existence, it appears that Arkansas, New York, and D.C. law are substantially similar on this point.[3]

Should the Court determine that Holistic had capacity to contract, the next question would be whether Holistic was, in fact, a party to the engagement letter. Holistic first notes that

---

[1] Presumably, another potential question could be whether Mr. Genderson was liable on the engagement letter as a promoter. However, that issue has not been raised by either party to this action.

[2] *E.g.*, *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 318 (N.Y. Sup. Ct. 2011) (noting essential element of contract is "legal capacity"); *City of Dardanelle v. City of Russellville*, 277 S.W.3d 562, 565–66 (Ark. 2008) (noting essential element of contract is "competent parties"); *Cb Richard Ellis Real Est. Services, Inc. v. Spitz*, 950 A.2d 704, 712 (D.C. App. 2008) (same).

[3] *Charles Brooks Co. v. Georgia-P., LLC*, 552 F.3d 718, 722 (8th Cir. 2009) (noting under Arkansas law, corporation ceases to exist legally when corporate charter is revoked); *Menard, Inc. v. Dial-Columbus, LLC*, 781 F.3d 993, 998–99 (8th Cir. 2015) (applying Nebraska law, but citing Fletcher Cyclopedia of the Law of Corporations § 215) (noting "nonexistent corporations lack capacity to contract"); *183 Holding Corp. v. 183 Lorraine St. Associates*, 673 N.Y.S.2d 745, 746 (N.Y. App. Div. 2d Dept. 1998) (affirming trial court holding that plaintiff corporation lacked capacity to contract prior to its existence); *Bourbeau v. Jonathan Woodner Co.*, 549 F. Supp. 2d 78, 85–86 (D.D.C. 2008) (citing *Accurate Const. Co. v. Washington*, 378 A.2d 681, 684 (D.C.1977) for proposition that corporation could not sue on contract executed during revocation period because corporation had no legal capacity to contract before reinstatement).

Defendant waived any argument regarding ratification of a pre-incorporation contract by Holistic. As such, any such argument is waived.[4]  To the extent any other legal basis exists for finding Holistic was a party,[5] this question should be answered by reference to New York law because the engagement letter itself purports to be governed by New York law. (Engagement Letter, Doc. 14-1, p. 1.)  While Holistic in no way contends that the engagement letter is applicable here, Holistic would submit that the document should be construed in accordance with its terms (i.e., using New York law).

> **B.     This Court should apply Arkansas law to determine whether Mr. Genderson had the authority to bind Plaintiff (a company that was not yet in creation) to the terms of the engagement letter.**

Holistic would first note that Defendant failed to raise a ratification argument in its motion. As such, Defendant waived any such argument. (*See supra* footnote 2.)

To the extent any other legal grounds are preserved for finding that Mr. Genderson had authority to bind a non-existent company: both Arkansas and D.C. potentially have interests in the outcome of this issue, given that Holistic is an Arkansas limited liability company and Mr. Genderson was a D.C. citizen.  However, D.C.'s interest is attenuated at best, given that Mr. Genderson is not a party to this lawsuit and will not be impacted by the outcome of this issue.  In contrast, Arkansas has a significant interest, as a determination on this issue will directly impact

---

[4] *E.g.*, *Percefull v. Claybaker*, 04-CV-1022, 2005 WL 3805975, at *1 (W.D. Ark. Oct. 24, 2005), *aff'd*, 211 Fed. Appx. 521 (8th Cir. 2006) (unpublished) ("The Court will not consider the new arguments raised by Defendants' Reply[.]"); *White v. Feaman*, 4:18-CV-00518-NCC, 2019 WL 652022, at *1 (E.D. Mo. Feb. 15, 2019) (citing *Fay Fish v. United States*, 748 F. App'x 91, 92 n.2 (8th Cir. 2019) for proposition that "reply brief is 'too late' to properly raise a new argument); *CRST Expedited, Inc. v. TransAm Trucking, Inc.*, 16-CV-52-LTS, 2017 WL 7693378, at *1 (N.D. Iowa Nov. 2, 2017) (noting argument raised for first time in reply brief is deemed waived).

[5] Whether Holistic and Firm had an agreement, in general, is a distinct question from whether Holistic and Firm were parties to the September 1, 2017 engagement letter.  Indeed, the fact that Firm provided services for Holistic does not presuppose Holistic's agreement to any particular engagement letter.  Nor would any engagement letter be a legal requisite to formation of a contract.

an Arkansas limited liability company.  Additionally, the *Wylie* factor concerning advancement of the forum's governmental interests weighs in favor of applying Arkansas law.  Arkansas has a significant interest in governing business entities organized under Arkansas law.  Additionally, determination of this issue will likely turn on construction of Holistic's operating agreement, which is itself explicitly governed by Arkansas law.  (*See* Operating Agreement, Doc. 14-6, p. 10, Section 14.6 ("Governing Law").)[6]

### C. Defendant waived any equitable estoppel argument by failing to timely raise it, rendering this issue moot; notwithstanding, New York law would apply.

Holistic would first note that Defendant waived any equitable estoppel argument by failing to raise it in its opening brief.  (*See supra* footnote 2.)  Hypothetically speaking, if this argument had been preserved: both Arkansas and New York have interests in this issue.  Defendant, a New York company, seeks to enforce the arbitration provision against Holistic, an Arkansas company.

As a practical matter, Holistic is unaware of any Arkansas case law reaching a decision on whether a signatory may compel a nonsignatory to arbitrate, and under what circumstances.  In contrast, New York courts have spoken on the issue.[7]  Thus, the *Wylie* factor considering simplification of the judicial task weights in favor of applying New York law, given that there is little or no guidance available in Arkansas law.

---

[6] Even if the Court were to find that Holistic was a party to the engagement letter containing a New York choice-of-law provision, that provision is narrowly-tailored, applying only to the legal representation and the interpretation and enforcement of the engagement letter. (Doc. 14-1, p. 1.)

[7] For instance, in *Belzberg v. Verus Investments Holdings Inc.*, 999 N.E.2d 1130, 1134 (N.Y. 2013), the court noted that a nonsignatory who "knowingly exploits" specific provisions of a written agreement containing an arbitration clause, and receives benefits flowing directly from that written agreement, may be compelled to arbitrate.  Significant with respect to the instant case, the *Belzberg* court further noted that a nonsignatory cannot be compelled to arbitrate when it merely benefits from the ***contractual relationship***, as opposed to the specific written agreement itself. *Id.*

Respectfully submitted this 30th day of August, 2021.

                        CAMPBELL TEAGUE LLC

                        */s/ E. Jordan Teague*
                        E. Jordan Teague
                        Fed. Bar # 8170C24G (Admitted in W.D. Ark.)
                        jordan@campbellteague.com
                        Beau Brogdon
                        Fed. Bar # 12951 (Admitted in W.D. Ark.)
                        beau@campbellteague.com

                        CAMPBELL TEAGUE LLC
                        16 W. North St.
                        Greenville, South Carolina 29601
                        PH:   (864) 326-4186
                        Attorneys for Holistic Industries of Arkansas, LLC,
                        and Sam Epstein Angel

## **CERTIFICATE OF SERVICE**

 IT IS HEREBY CERTIFIED that a copy of the foregoing document was served upon the following by Notice of Electronic Filing:

Barber Law Firm PLLC
425 W. Capitol Avenue, Suite 3400
Little Rock, AR 72201

            */s/ E. Jordan Teague*
            COUNSEL

Date: August 30, 2021